# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BULLARD BEAUTY PLUS, LLC, | : |
| | : CASE NO.: |
| Plaintiff, | : |
| | : DISTRICT JUDGE: |
| v. | : |
| | : |
| INDEPENDENT SPECIALTY | : MAGISTRATE JUDGE: |
| INSURANCE COMPANY, ET AL., | : |
| | : |
| Defendants. | : |

TO:  David P. Vicknair, Esq.
Caitlin B. Carrigan, Esq.
Scott Vicknair, LLC
909 Poydras Street, Suite 2025
New Orleans, Louisiana 70112
david@svlaw.law
caitlin@svlaw.law

Jacob K. Weixler, Esq.
Weixler Law LLC
1926 Washington Avenue
New Orleans, Louisiana 70113
jkw@weixlerlaw.com

## NOTICE OF REMOVAL

Independent Specialty Insurance Company ("ISIC") and Certain Underwriters at Lloyd's and Other Insurers Subscribing to Binding Authority B604510568622021 ("Lloyd's) (hereinafter collectively referred to as "Defendants") by and through their undersigned counsel, without waiving any affirmative defenses or objections herein, including, but not limited to, those defenses available under Federal Rules of Civil Procedure Rule 8 and 12 and without waiving Defendants' right to seek dismissal and compel arbitration of this dispute pursuant to the arbitration clause contained in the subject Policy, which requires all matters in dispute between the parties to be

submitted to arbitration, hereby give notice pursuant to 28 U.S.C. §§ 1441 and 1446 of the removal of this action from the Civil District Court for the Parish of Orleans, State of Louisiana, bearing Case No. 2023-09497, Division M, to the United States District Court for the Eastern District of Louisiana. In support of this Notice of Removal, the Defendants state the following:

I.

**GROUNDS FOR REMOVAL**
**FEDERAL QUESTION UNDER 28 U.S.C. §§1441 AND 1446**

Defendants assert that there is a valid arbitration clause in Policy No. 2019802550-03 that falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (also known as the "Convention"), and, thus, this Court has original jurisdiction pursuant to 9 U.S.C. §§ 202, 203 and 205 via a federal question.

II.

**THE STATE COURT ACTION**

The Petition for Damages was filed by Plaintiff, Bullard Beauty Plus, LLC ("Plaintiff"), on August 25, 2023. *See Exhibit A*, Petition for Damages. The Petition alleges that ISIC and Lloyd's entered into a contract of insurance with Plaintiff that provided coverage for the property located at 6003 Bullard Avenue, Suite 1, New Orleans, Louisiana 70128 (hereinafter the "Property"). *Exhibit A*, Petition at ¶ 3.

The Petition states that on or about August 29, 2021, Hurricane Ida caused a power outage on the premises of the Property and that the Property "lost electrical power for multiple days/weeks." *Exhibit A*, Petition at ¶s 8,9. The Petition alleges that starting on or about August 31, 2021, unknown persons illegally broke into the Property and vandalized and "illegally stole and/or looted stock/merchandise, furniture, fixtures, equipment, technology, and/or cash" from the Property. *Exhibit A*, Petition at ¶ 10. The Petition further alleges that on a second occasion, on or

about December 6. 2021, Plaintiff sustained another alleged loss when unknown persons damaged "the front and rear doors and façade" of the Property and "vandalized and illegally stole and/or looted the stock/merchandise, security systems, cash register and/or cash" at the Property. *Exhibit A*, Petition at ¶ 22. Plaintiff made demands for payments under the Policy for the alleged damages to the Property allegedly caused by Hurricane Ida. *Exhibit A*, Petition at ¶¶ 20, 26. (Policy attached hereto as *Exhibit B*). The Petition alleges the Defendants failed to timely tender adequate funds under the policy and further alleges that this failure was in violation of ISIC's and Lloyd's contractual obligations under the Policy. *Exhibit A,* Petition at ¶¶ 21, 30, 31, 33.

## III.

## THE ARBITRATION CLAUSE OF THE INSURANCE POLICY OF BULLARD BEAUTY PLUS, LLC

The Policy at issue in this matter and attached as *Exhibit B,* states the following: "[a]ll matters in dispute between you and us *** in relation to this insurance, including the policy's formation and validity, *** shall be referred to an Arbitration Tribunal ***.":

**H. Property Loss Conditions**
The following Property Loss Conditions apply:

[…]

**4. Arbitration Clause**
All matters in dispute between you and us (referred to in this policy as "the parties") in relation to this insurance, including this policy's formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner described below.

Unless the parties agree upon a single disinterested or impartial Arbitrator within thirty (30) days of one party receiving a written request from the other for Arbitration, the Claimant (the party requesting Arbitration) shall appoint his or her disinterested or impartial Arbitrator and give written notice to the Respondent (the party receiving notice of Arbitration). Within thirty (30) days of receiving such notice from the Claimant, the Respondent shall appoint his or her Arbitrator and give written notice to the Claimant.

3

If the two Arbitrators fail to agree on the selection of the disinterested or impartial umpire within thirty (30) days of the appointment of the second named Arbitrator, each Arbitrator shall submit to the other a list of three Umpire candidates, each Arbitrator shall select one name from the list submitted by the other, and the Umpire shall be selected from the two names chosen by a lot drawing procedure to be agreed upon by the Arbitrators. Unless the parties otherwise agree, the Arbitration Tribunal shall consist of disinterested or impartial persons presently or formerly employed or engaged in a senior position in insurance underwriting or claims.

The Arbitration Tribunal shall have the power to fix all procedural rules for the holding of the Arbitration, including discretionary power to make orders which it may consider proper in the circumstances of the case, regarding pleadings, discovery, an inspection of documents, examination of witnesses, and any other matter relating to the conduct of the Arbitration and may receive and act upon such evidence whether oral or written strictly admissible or not as it shall think fit.

All costs of the Arbitration shall be in the discretion of the Arbitration Tribunal, who may direct to, by whom, and in what manner they shall be paid.

Any Arbitration hearing shall take place in Nashville, Tennessee unless some other locale is agreed by the Arbitrator or Arbitration Tribunal.

The Arbitration Tribunal may not award exemplary, punitive, multiple, or other damages of a similar nature.

The award of the Arbitration Tribunal shall be in writing and binding. If either of the parties should fail to carry out any award, the other may apply for its enforcement to a court of competent jurisdiction in any territory in which the party in default is domiciled or has assets or carries on business.

*See* Exhibit B, Policy at p. 27 of 39 of SMB 300 2010 CW All Commercial Property.

## IV.

### THE MATTERS IN DIFFERENCE THAT ARE SUBJECT TO ARBITRATION

The "matters in dispute," as described in the arbitration clause, are those between Plaintiff and the Removing Defendants and include but are not limited to whether Plaintiff has met the grant

of coverage under the Policy, whether Plaintiff has provided satisfactory proof of loss, whether and to what extent the exclusions and limitations of the Policy apply to the alleged covered losses and the adjustment of the claims submitted to the insurers subscribing to the Insurance account.

## V.

## CITIZENSHIP OF THE REMOVING DEFENDANTS

Defendant, Independent Specialty Insurance Company, is a Delaware corporation having its principal place of business in Bedford, Texas. *See* Exhibit C, *ISIC Citizenship Documents.*

Lloyd's is a citizen of a nation other than the United States, namely the United Kingdom. Lloyd's is partially comprised of the following:  Lloyd's is partially comprised of the following:

- Syndicate 1458, whose sole member is RenaissanceRe Corporate Capital (UK) Limited, a private limited company incorporated under the Laws of England and Wales with its principal place of business in England and Wales. *See Exhibit D*, RenaissanceRe CCL Citizenship Documents.

## VI.

## REMOVAL IS PROPER

This Notice of Removal is properly removed under 28 U.S.C. §1441 and 9 U.S.C. § 205 to the United States District Court for the Eastern District of Louisiana, as the district embracing the Civil District Court for the Parish of Orleans, State of Louisiana, in which the state court action was pending.

The United States is a party to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517, T.I.A.S. No. 6997, 330 U.N.T.S. 38, *reprinted following,* 9 U.S.C. § 201 (West Supp. 1998). The Convention is an international treaty that guarantees citizens of signatory countries the right to enforce agreements to arbitrate disputes. As

the United Supreme Court has explained, "[t]he goal of the Convention, and the principal purpose underlying American adoption and implementation of it, was to encourage the recognition and enforcement of commercial arbitration agreements and international contracts and to unify the standard by which the agreements to arbitrate are observed, and arbitral awards are enforced in the signatory countries." *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 520 n. 15 (1974).

Over one hundred countries have signed the Convention, including the United States, Germany, and the United Kingdom of Great Britain. Under Article II of the Convention, the United States and other signatory countries are each bound to "recognize an agreement in writing under which the parties undertake to submit to arbitration all or any differences which may have arisen, or which may arise between them…." The courts of each signatory country are also bound to enforce such agreements.

In 1970, Congress enacted enabling legislation to enforce the Convention in the United States Courts. *See* 9 U.S.C. §§ 201-208. The Federal Arbitration Act (FAA) governs the enforcement, validity, and interpretation of arbitration clauses in commercial contracts in state and federal courts. *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 24-25, 103 S. Ct. 927, 941-42, 74 L. Ed. 2d 765 (1983). Chapter 2 of the Federal Arbitration Act, 9 U.S.C. §§ 201-208 ("the "Convention Act") implements the Convention, controls arbitration disputes in the international context, and establishes procedures to implement the Convention. *See McDermott Intl. Inc. v. Lloyd's Underwriters of London*, 944 F.2d 1199, 1208 (5th Cir. 1991). In general, the Convention Act creates a *strong presumption* in favor of arbitration, especially in international commercial agreements. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614, 638-40, 105 S. Ct. 3346, 3359-61, 87 L. Ed. 2d 444 (1985).

9 U.S.C. §205 of the Convention Act provides for the removal of the State Court Action under the Convention:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending. The procedure for removal of causes otherwise provided by law shall apply, except that the grounds for removal provided in this section need not appear on the fact of the complaint but may be shown in the Petition for remedy.

Section 205 is recognized as "one of the broadest removal provisions…in the statute books." *Acosta v. Master Maintenance and Construction Inc.*, 452 F.3d 373, 377 (5th Cir. 2006). To determine whether removal is proper under section 205 of the Convention, the removing defendant must merely show that (1) the arbitration clause at issue "falls under" the Convention, and (2) the state court litigation "relates to" the arbitration clause. *Viator v. Dauterive Contractors, Inc.*, 638 F. Supp. 2d 641 at 646 (E.D. La. 2009) *citing Acosta,* 452 F.3d at 376.

The instant disputes ("matters in dispute") arise under the terms and conditions of the Policy, including the arbitration clause contained therein. The arbitration clause in the Policy falls under the Convention and 9 U.S.C. § 202 of the Convention Act, because it arises out of a commercial legal relationship, and at least one of the parties to the agreement, is not a U.S. Citizen. *Beiser v. Weyler*, 284 F.3d 665, at 666 note 2. (5th Cir. 2002), *See also Mongaya v. AET MCV Beta, LLC,* 2018 LEXIS 197883, p. 8 (E.D. La. 2018); *Kronlage Family LP v. Independent Specialty Insurance Company et al.*, 2022 U.S. Dist. LEXIS 147300 (E.D. La. 2022)

The state court litigation relates to the arbitration clause because the arbitration clause "…could conceivably affect the outcome of the plaintiff's case…" *Acosta,* 452 F.3d at 377 *quoting Beiser v. Weyler,* 284 F.3d 665 at 669 (5th Cir. 2002). Also, "…a clause determining the forum

7

for resolution of specific types of disputes relates to a lawsuit that seeks the resolution of such disputes." *Acosta,* 452 F.3d at 379 and *Viator* at 648. *See also La. Commerce & Trade Ass'n Self Insurers Fund v. Certain Underwriters at Lloyd's London,* 2014 U.S. Dist. LEXIS 96605, (M.D. La. 2014). Therefore, the subject matter of the State Court Action "relates" to an arbitration agreement subject to the Convention, within the meaning of 9 U.S.C. § 205.

Because the matter clearly falls under the Convention and since the dispute relates to an arbitration agreement, 9 U.S.C. §205 of the Convention Act provides for the removal of the State Court Action.

## VII.

## REMOVAL IS TIMELY

This removal is timely pursuant to 9. U.S.C. § 205, which provides that the state court proceedings relating to an arbitration agreement falling under the Convention may be removed to federal court "at any time before the trial." No trial has commenced in the State Court Action. Under 9 U.S.C. § 205, any action or proceeding so removed shall be deemed to have been brought in the district court to which it is removed. *See McDermott Intl., Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199, 1212 (5th Cir.1991).

## VIII.

## CONGRESS GRANTED FEDERAL COURTS BROAD REMOVAL JURISDICTION IN CONVENTION CASES

The purpose and intent behind the enactment of the Convention Act was to "encourage the recognition and enforcement of commercial arbitration agreements and international contracts and to unify the standard by which the agreements to arbitrate are observed, and arbitral awards are enforced in the signatory countries." *Scherk v. Alberto-Culver Co.,* 417 U.S. 506, 520 n. 15, 94 S. Ct. 2449 (1974). As the Fifth Circuit has observed, uniformity is best served by trying all

8

Convention cases in federal court, and the general rules regarding removal jurisdiction do not apply to Convention Act removal:

> Because 'uniformity is best served by trying all [Convention] cases in federal court unless the parties unequivocally choose otherwise [citation omitted], Congress granted the federal courts jurisdiction over Convention cases and added one of the broadest removal provisions, §205, in the statute books. So generous is the removal provision that we have emphasized that the general rule of construing removal statutes strictly against removal 'cannot apply to Convention Act cases because, in these instances, Congress created special rights to channel cases into federal court.'

*Acosta v. Master Maint. & Constr., Inc.,* 452 F.3d 373 (5th Cir. 2006), *quoting McDermott Int'l, Inc. v. Lloyd's Underwriters of London,* 944 F.2d 1199, 1207-08 (5th Cir. 1991).

The Fifth Circuit has consistently recognized that any dispute under an insurance policy containing an arbitration clause with an international party is subject to arbitration under the Convention. For example, in *Acosta v. Master Maintenance & Const., Inc*., 452 F.3d 373, 379 (5th Cir. 2006), the Fifth Circuit ruled that plaintiffs' claims for exposure to mustard gas "related to" the dispute that was subject to arbitration under the liability insurance policy plaintiffs sued upon via the Louisiana Direct Action Statute, making removal under the Convention proper. *See also Sphere Drake Ins. PLC v. Marine Towing, Inc*., 16 F.3d 666, 669 (5th Cir. 1994). Furthermore, this district has repeatedly acknowledged the parties' rights under the Convention when the dispute involves a commercial dispute under a written agreement that includes a valid arbitration agreement. *Evergreen Assocs. v. Independent Specialty Insurance Co*., 2023 U.S. Dist. LEXIS 144994 (E.D. La. August 18, 2023); *Ten G, LLC v. Certain Underwriters at Lloyd's London*, 2023 U.S. Dist. LEXIS 127757 (E.D. La. July 25, 2023); *American Paint Building, LLC v. Independent Specialty Insurance Company, et al*., 2023 U.S. Dist. LEXIS 122151 (E.D. La. July 17, 2023); *Kronlage Family Ltd. v. Independent Specialty Insurance Co.*, 2022 U.S. LEXIS 147300 (E.D. La.

9

August 17, 2022); *Woodward Design + Build, LLC v. Certain Underwriters at Lloyd's London*, 2020 U.S. Dist. LEXIS 178799 (E.D. La. 2020); *1010 Common, LLC v. Certain Underwriters at Lloyd's, London*, 2020 U.S. Dist. LEXIS 233867 (E.D. La. 2020); *St. Theresa Specialty Hosp., LLC v. Indian Harbor Ins.*, 2019 U.S. Dist. LEXIS 182458, 2019); *Gulledge v. Certain Underwriters at Lloyd's, London*, 2018 U.S. Dist. LEXIS 165894 (E.D. La. 2018); *Port Cargo Serv., LLC v. Certain Underwriters at Lloyd's London,* 2018 U.S. Dist. LEXIS 144291 (E.D. La. 2018); *O 'Connor v. Maritime Management Corp.*, 2017 WL 1018586 (E.D. La. 2017); *Viator v. Dauterive Contractors, Inc.*, 638 F. Supp. 2d 641 (E.D. La. 2009); *Todd v. Steamship Mut. Underwriting Ass'n (Bermuda) Ltd.*, 601 F. 3d 329 (5th Cir. 2010), on remand, 2011 WL 1226464; *Authement v. Ingram Barge Co.*, 878 F. Supp. 2d 672 (E.D. La. 2012).

Article II of the Convention further clarifies which arbitration agreements are subject to the Convention. Article II states, in pertinent part, as follows:

1. Each Contracting State shall recognize an agreement in writing under which the parties undertake to submit to arbitration all or any differences which have arisen or which may arise between them in respect of a defined legal relationship, whether contractual or not, concerning a subject matter capable of settlement by arbitration.

2. The term "agreement in writing" shall include an arbitral clause in a contract or an arbitration agreement signed by the parties or contained in an exchange of letters or telegrams.

## IX.

### THE REMOVED STATE COURT ACTION "FALLS UNDER" THE CONVENTION AND "RELATES TO" BULLARD BEAUTY PLUS, LLC'S CLAIMS.

If at least one party to a commercial legal relationship is not a United States citizen, the arbitration agreement contained in the commercial legal relationship is deemed to "fall under" the Convention. *Mongaya v. AET MCV BETA, LLC,* 2018 WL 6067547, p. 4 (E.D. La. 2018). Bullard Beauty Plus, LLC's Policy provides coverage pursuant to the terms, conditions, definitions,

exclusions, and endorsements of a single set of coverage documents common to all the insurers subscribing to the Policy. There is only one common arbitration agreement contained within the Insurance Policy to which all insurers under the Policy are bound. *See Exhibit B*, Policy. The fact that some insurers subscribing to the Insurance Account are citizens of the United States does not impair removal: ". . . a party's non-signatory status is not relevant to the inquiry of whether some particular arbitration clause 'falls under the Convention" for purposes of removal. *Id.* If the arbitration clause falls under the Convention, as is the case with the Policy's arbitration clause in the instant case, removal jurisdiction is proper.

The other test for removal jurisdiction is whether the state court litigation "relates to" an arbitration agreement falling under the Convention. The "relates to" requirement is an extremely low bar. If the Account Policy's arbitration agreement can conceivably affect the outcome of Bullard Beauty Plus, LLC's claims, then the arbitration agreement "relates to" their lawsuit, and removal is proper. The arbitration clause in the Policy at issue herein clearly can affect the outcome of the State Court Action since it contains disputes against insurers subscribing to the Insurance Account. Additionally, where the subject matter of an action or proceeding pending in a state court relates to an arbitration agreement or award falling under the Convention, the defendant or defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending. The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the face of the Complaint but may be shown in the Petition for removal. *See* 9 U.S.C. §205. Therefore, the arbitration clause has a direct effect on this litigation. The federal question jurisdiction conferred

under 9 U.S.C. §205 is unlike most other forms of federal question jurisdiction because it permits removal based on a federal defense. *Beiser v. Weyler*, 284 F.3d 665, 666 (5th Cir. 2002).

## X.

### CONVENTION REMOVAL AUTHORIZES REMOVAL OF THE ENTIRE ACTION AND NOT JUST CLAIMS

The Fifth Circuit has instructed that when defining the scope of jurisdictional statutes, "heavy emphasis shall be placed on the language of the particular statute in question." *Nolan v. Boeing Co.*, 919 F.2d 1058, 1064 (5th Cir. 1990). Examining the language of the Convention Act, 9 U.S.C §203 first provides for original subject matter jurisdiction over "***an action or proceeding***" falling under the Convention (emphasis added). Section 205 then provides for the removal of the "***action or proceeding***" (emphasis added). The use of the terms "action or proceeding" in both statutes significantly expands the scope of removal. Removal of the entire case ("action") is permitted, and not just as to a claim or claims, as is the case in other removal statutes.

In *Nolan*, supra, the Fifth Circuit examined original subject matter jurisdiction and the right of removal under the Foreign Sovereign Immunities Act ("FSIA"). The Nolan court held that because the FSIA established original subject matter jurisdiction over the "action" (like §203) and not just over "claims," the statute conferred federal subject matter jurisdiction over the entire case:

> . . . the FSIA grants jurisdiction to federal courts over 'action(s).federal court subject matter jurisdiction over the entire action in which the foreign state is a party rather than simply over the 'claims' in that action which is specifically asserted against the foreign state.

*Nolan*, *supra* 919 F.2d at 1064.

Similarly, §203 of the Convention Act extends original subject matter jurisdiction over the entire "action or proceeding," not just the claims against the foreign insurer signatories to the

Convention. Therefore, removal under §205 applies to the *entire action*, including Bullard Beauty Plus, LLC's claims against both the domestic and foreign insurers.

In a case involving the removal of claims against insurers under the Convention Act, the United States District Court for the Eastern District of Louisiana held that under 9 U.S.C. §203, the court retained original jurisdiction over the "entire action" once removed and "lack(ed) discretion to refuse such original jurisdiction, once properly invoked." *Lannes v. Operators Int'l*, 2004 U.S. Dist. LEXIS 25781, at *13(E.D. La. 2004); *See also, Id.* at n. 27.

## XI.

### BULLARD BEAUTY PLUS, LLC HAS ALLEGED ALL THE INSURERS ENGAGED IN INTERDEPENDENT CONCERTED MISCONDUCT

Bullard Beauty Plus, LLC has clearly alleged that all insurers under the Policy have engaged in interdependent and concerted misconduct by denying Bullard Beauty Plus, LLC's claims under the Policy. The Petition for Damages identifies the Insurance Policy and the alleged actions undertaken by ISIC and Lloyd's, subscribing to the Insurance Policy for their combined and intertwined alleged failure to "remit payment, timely pay the amount of the claim due, and make an appropriate unconditional tender" after having allegedly received satisfactory proof of loss, failure to pay any of Plaintiff's claims within statutory time limits, and "misrepresenting of pertinent facts relating to the coverages at issue." *See* Exhibit A, ¶s 21, 30, 31, 33. Therefore, the Policy in question and all conditions, terms, and endorsements apply to all insurers.

## XI.

### CONSENT TO REMOVAL

This cause has been removed by all Defendants through undersigned counsel, with the consent of all Defendants.

## XII.

## NOTICE TO ALL PARTIES AND THE STATE COURT

In accordance with 28 U.S.C. § 1446 (d), Removing Defendants shall promptly hereafter give written notice of this removal to the requisite parties, and a copy of the Notice of Removal will be filed with the Clerk of the Civil District Court for the Parish of Orleans, State of Louisiana.

## XIII.

## INDEX OF RECORD

A complete copy of all processes, pleadings, and orders in the Civil District Court for the Parish of Orleans, State of Louisiana, as required by 28 U.S.C. § 1446(a), is filed herewith *See Exhibit E* – Index of Record.

Dated this 15th day of September, 2023          Respectfully submitted,

 /s/ *Shawn M. Brooks*
Chaunda "Shawn" M. Brooks
(La. Bar No. 38607)
ROLFES HENRY CO., LPA
8550 United Plaza Blvd., Suite 702
Baton Rouge, Louisiana  70809
Telephone:  800-720-0613
E: sbrooks@rolfeshenry.com
E: lmoore@rolfeshenry.com
E: ctibler@rolfeshenry.com

*Attorney for Defendants
Independent Specialty Insurance
Company and Certain Underwriters
At Lloyd's and Other Insurers Subscribing
to Binding Authority B60451058622021*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing *Notice of Removal*, with attachments, has been sent via email to the following counsel of record for Plaintiff, thereby fulfilling the written notice requirement for Removal under 28 USCS § 1446(d).

David P. Vicknair, Esq.
Caitlin B. Carrigan, Esq.
Scott Vicknair, LLC
909 Poydras Street, Suite 2025
New Orleans, Louisiana  70112
david@svlaw.law
caitlin@svlaw.law

Jacob K. Weixler, Esq.
Weixler Law LLC
1926 Washington Avenue
New Orleans, Louisiana  70113
jkw@weixlerlaw.com

*Attorneys for Plaintiff*

SO CERTIFIED, this 15th day of September, 2023

*/s/ Shawn M. Brooks*
Chaunda "Shawn" M. Brooks