
2023-09497
M
Section 13

FILED
2023 AUG 25 P 02:09
CIVIL
DISTRICT COURT

**EXHIBIT "A"**

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**

**STATE OF LOUISIANA**

**NO.** **DIVISION " "**

**BULLARD BEAUTY PLUS, LLC**

**VERSUS**

**INDEPENDENT SPECIALTY INSURANCE COMPANY, ET AL.**

FILED:______________________________ ______________________________
DEPUTY CLERK

**PETITION FOR DAMAGES**

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, BULLARD BEAUTY PLUS, LLC d/b/a BELLA BEAUTY ("Bullard Beauty"), a limited liability company authorized to do and doing business in the Parish of Orleans, State of Louisiana, who respectfully asserts as follows:

1.

Made Defendants herein are:

a. INDEPENDENT SPECIALTY INSURANCE COMPANY (hereinafter "ISIC"), a foreign insurer authorized to do business, and doing business, in the State of Louisiana;

b. CERTAIN UNDERWRITERS AT LLOYD'S AND OTHER INSURERS SUBSCRIBING TO BINDING AUTHORITY B604510568622021 (hereinafter "Lloyds"), a foreign insurer authorized to do business, and doing business, in the State of Louisiana.

2.

Jurisdiction and venue are proper in this Court based on the object and amount in dispute, Defendants' transacting the business of insurance in the State of Louisiana, and the actions complained of herein occurred in and relate to real property located in the Parish of Orleans, State of Louisiana.

3.

Plaintiff and Defendants entered into a contract of insurance, whereby Plaintiff agreed to make cash payments, or premiums, in exchange for Defendants promise to compensate the



VERIFIED
Kim Livingston
2023 AUG 28 A 08:59
E-Filed

FILED
2023 AUG 25 P 02:09
CIVIL
DISTRICT COURT
M
Section 13

Plaintiff for losses, including, but not limited to, business personal property losses at 6003 Bullard Avenue, Suite I, New Orleans, LA 70128 (hereinafter referred to as the "Insured Premises").

4.

The Insured Premises is covered under policy number 2019-802550-03 (changed from VVX-CU-703560 issued by Defendants (hereinafter referred to as the "Policy").

5.

The Policy sued upon provided coverage to the Plaintiff between the period of May 30, 2021 and May 30, 2022.

6.

Plaintiff has faithfully paid the policy premiums to Defendants to specifically provide coverage in the event of loss.

7.

The Insured Premises operates as a retailer, and is located at 6003 Bullard Avenue, Suite 1, New Orleans, LA 70128.

8.

On or about August 29, 2021, Orleans Parish, State of Louisiana was affected by Hurricane Ida, which caused catastrophic damage, including but not limited to power outages, throughout the region.

9.

As a result of Hurricane Ida the Insured Premises, and the geographical area in its immediate vicinity, lost electrical power for multiple days/weeks.

**Claim #1[1] dated August 31, 2021**

10.

Starting on or about August 31, 2021, unknown and/or unidentified persons illegally broke into the Insured Premises, entered the Insured Premises, vandalized the Insured Premises, and illegally stole and/or looted stock/merchandise, furniture, fixtures, equipment, technology, and/or cash, from Insured Premises.

[1] Identified as Claim No. SDA 21020540 by Defendants' third-party administrator.



E-Filed

FILED
2023 AUG 25 P 02:09
CIVIL
DISTRICT COURT

11.

As a result of this loss event, Plaintiff had to incur costs associated with replacement of its locking system/doors, increased security measures, and costs associated with clean-up/ remediation of the premises.

12.

On or about August 31, 2021, officers with the New Orleans Police Department investigated pertaining to the damage to the Insured Premises, which resulting report is listed as Item #H-37731-21, dated August 31, 2021.

13.

On or about September 2, 2021, onsite security was initiated at the Insured Premises. The security company would work 3 shifts, each 8 hours, for 7 days. The onsite security company provided services to the Premises for 6 weeks. The onsite security concluded on or about October 8, 2021.

14.

On or about September 13, 2021, Plaintiff's third-party inventory specialist inspected the Insured Premises to assess loss and the damage sustained as a result of Hurricane Ida.

15.

On or about September 28, 2021, Plaintiff permitted a site/contents inspection of the Insured Premises by a public adjuster and field adjuster.

16.

Despite permitting a first site/contents inspection of the Insured Premises on September 28, 2021, Plaintiff permitted a secondary site/contents inspection of the Insured Premises on October 9, 2021.

17.

On or about October 12, 2021, Defendants' salvage company mobilized to remove damaged goods on the Insured Premises. This occurred for two days, and the salvage company de-mobilized with damaged goods on or about October 14, 2021.



E-Filed

FILED
2023 AUG 25 P 02:09
CIVIL
DISTRICT COURT

18.

On or about October 18, 2021, Plaintiff's third-party inventory specialist inspected the Insured Premises to conduct an inventory inspection.

19.

On or about October 19, 2021, cleaning of the store began, and stocking and inventory management of the store was conducted thereafter, on or about October 23, 2021. The store reopened on or about October 28, 2021.

20.

Almost immediately following the loss, Plaintiff notified Defendants, by and through their representatives, of its loss, and further, submitted a Proof of Loss with supporting documentation and evidence. Defendants acknowledged receipt of the claim but issued a Proof of Loss Rejection letter on or about January 21, 2022.

21.

To date, and despite having received satisfactory proof of loss, including but not limited to photographs, itemized contents damages, sales tax returns, inventory logs, profit and loss statements, and having conducted multiple site inspections, Defendants have failed to remit payment to Plaintiff for losses associated with Hurricane Ida and the resulting theft loss covered under the policy.

**Claim #2[2] dated December 6, 2021**

22.

On or about December 6, 2021, Plaintiff sustained a second loss when unknown and/or unidentified persons struck and damaged the front and rear doors and façade of the Insured Premises with a vehicle and proceeded to enter, vandalize and illegal steal and/or loot the Premise's stock/merchandise, security systems, cash register and/or cash.

[2] Identified as Claim No. SDA 21024830 by Defendants' third-party administrator.



E-Filed

FILED
2023 AUG 25 P 02:09
CIVIL
DISTRICT COURT

23.

On or about December 6, 2021, officers with the New Orleans Police Department conducted an investigation pertaining to the damage to the Insured Premises, which resulting report is listed as Incident L-06241-21, dated December 06, 2021.

24.

On or about December 7, 2021, Plaintiff's third-party inventory specialist inspected the Insured Premises to assess loss and the damage sustained as a result of the incident.

25.

On or about December 7, 2021, Plaintiff began cleaning and securing of the Premises, again.

26.

Plaintiff notified Defendants, by and through its representatives, of the loss. Defendants acknowledged receipt of the claim on December 8, 2021.

27.

To date, and despite having received satisfactory proof of loss, including but not limited to photographs, itemized contents damages, sales tax returns, inventory logs, profit and loss statements, Defendants have failed to remit payment to Plaintiff for losses associated with the December 6, 2021 loss covered under the policy.

28.

In addition to providing copious documentation and satisfactory proof of loss for both Claim #1 and Claim #2, Plaintiff also volunteered for an examination under oath, which was conducted by Defendants' representative on July 28, 2022.

29.

At the request of Defendants' representative, Plaintiff submitted additional documentation, and volunteered to present on a second date for a continuation of the examination under oath, which was scheduled and conducted on April 24, 2023.

30.

Despite having received satisfactory proof of loss, including but not limited to, photographs, videos, itemized contents damages, sales tax returns, inventory logs, profit and loss



E-Filed

FILED
2023 AUG 25 P 02:09
CIVIL
DISTRICT COURT



statements, and having conducted multiple site inspections, Defendants have failed to pay any of Plaintiff's claims within the time limits provided by La. R.S. 22:1973 and La. R.S. 22:1892 for its losses covered by the Policy.

31.

Defendants' failure to make an appropriate unconditional tender, despite having received satisfactory proof of loss, is in bad faith, arbitrary, capricious and without probable cause.

32.

Furthermore, the loss of replacement inventory, delays, and bad faith conduct of the Defendants has caused Plaintiff significant damages, including but not limited to lost profits, lost income, loss of value, mental anguish, emotional distress, and associated business losses.

33.

Accordingly, Defendants are liable unto Plaintiff as follows;

a) Misrepresenting pertinent facts relating to coverages at issue, as provided by La. R.S. §§ 22:1973 and 22:1892;
b) Failing to pay the amount of a claim due within an appropriate time after receipt of satisfactory proof of loss, as provided by La. R.S. §§ 22:1973 and 22:1892;
c) Breach of contract; and
d) Any other bad faith or breach of contract that may be proven at a trial.

34.

As a result, Defendant is answerable to the Plaintiff for the following damages:

a) Damages to business personal property;
b) Loss of business income and extra expense;
c) Lost profits;
d) Loss of business value;
e) Loss of consumer goodwill;
f) Loss of business as a whole;
g) Bad faith damages;
h) Reasonable attorney's fees and costs; and
i) All other damages as may be shown at the trial of this matter.



E-Filed





**WHEREFORE**, Plaintiff, BULLARD BEAUTY PLUS, LLC prays that Defendants, INDEPENDENT SPECIALTY INSURANCE COMPANY, and CERTAIN UNDERWRITERS AT LLOYD'S AND OTHER INSURERS SUBSCRIBING TO BINDING AUTHORITY B604510568622021, be served with process of this Petition for Damages and duly cited to answer same, that after all delays and due proceedings are complete there be judgment in favor of Plaintiff and against Defendants for the full amount of Plaintiff's damages, plus legal interest from the date of judicial demand until paid, bad faith damages, together with attorney's fees, all costs incurred in this matter, and any other general or equitable relief the Court deems proper.

Respectfully submitted,

DAVID P. VICKNAIR, #34135
CAITLIN B. CARRIGAN, #33754
Scott Vicknair, LLC
909 Poydras St., Suite 2025
New Orleans, Louisiana 70112
T: (504) 500-1111
F: (504) 226-2339
david@svlaw.law
caitlin@svlaw.law

*/s/ Jacob K. Weixler*
Jacob K. Weixler, 36076
WEIXLER LAW LLC
1926 Washington Ave.
New Orleans, Louisiana 70113
Telephone: (504) 408-2180
Facsimile: (504) 814-1728
jkw@weixlerlaw.com

*Attorneys for Plaintiff, Bullard Beauty Plus, LLC*

**PLEASE SERVE:**

INDEPENDENT SPECIALTY INSURANCE COMPANY
By and through its Agent for Service of Process,
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

(in lieu of service on:
National Registered Agents, Inc.
2 North Jackson Street, Ste. 605
Montgomery, AL 36-17)

FILED
2023 AUG 25 P 02:09
CIVIL
DISTRICT COURT

**Please withhold personal service in consideration of pending Long-arm Service:**

Per the Policy, the insurer designated Certain Underwriters at Lloyd's and Other Insurers subscribing to Binding Authority UMR B604510568622021 shall be served, by and through:

McDermott, Will & Emery
340 Madison Avenue
New York, NY 10173-1922



E-Filed