**EXHIBIT "E"**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| BULLARD BEAUTY PLUS, LLC, : | |
| : | CASE NO.: |
| Plaintiff, : | |
| : | DISTRICT JUDGE: |
| v. : | |
| : | |
| INDEPENDENT SPECIALTY : | MAGISTRATE JUDGE: |
| INSURANCE COMPANY AND : | |
| CERTAIN UNDERWRITERS AT : | |
| LLOYD'S AND OTHER INSURERS : | |
| SUBSCRIBING TO BINDING : | |
| AUTHORITY B604510568622021, : | |
| : | |
| Defendants. : | |
| : | |

## INDEX OF RECORD

Defendant, Independent Specialty Insurance Company and Certain Underwriters at Lloyd's and Other Insurers Subscribing to Binding Authority B604510568622021, by and through its undersigned counsel, hereby files this Index of Record of the Civil District Court for the Parish of Orleans, State of Louisiana filings to date relative to the Notice of Removal filed on this date in the above-referenced matter:

1. Petition for Damages; and

2. Service of Summons upon Independent Specialty Insurance Company.

This 15th day of September, 2023

        Respectfully submitted,

        /s/ *Shawn M. Brooks*
        Chaunda "Shawn" M. Brooks
        (La. Bar No. 38607)
        ROLFES HENRY CO., LPA
        8550 United Plaza Boulevard, Suite 702
        Baton Rouge, Louisiana  70809
        Telephone:  (800) 720-0613
        Facsimile:   (228) 299-0430
        E: sbrooks@rolfeshenry.com
        E: lmoore@rolfeshenry.com

        *Attorney for Defendants*
        *Independent Specialty Insurance Company and*
        *Certain Underwriters at Lloyd's and Other Insurers*
        *Subscribing to Binding Authority B604510568622021*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the aforementioned *Index of Records,* with attachments, has been sent via email to the following counsel of record for Plaintiff, thereby fulfilling the written notice requirement for Removal under 28 USCS § 1446(d).

    David P. Vicknair, Esq.
    Caitlin B. Carrigan, Esq.
    Scott Vicknair, LLC
    909 Poydras Street, Suite 2025
    New Orleans, Louisiana 70112
    david@svlaw.law
    caitlin@svlaw.law

    Jacob K. Weixler, Esq.
    Weixler Law LLC
    1926 Washington Avenue
    New Orleans, Louisiana 70113
    jkw@weixlerlaw.com

    *Attorneys for Plaintiff*

SO CERTIFIED, this the 15th day of September, 2023.

                                                */s/ Shawn M. Brooks*
                                                Chaunda "Shawn" M. Brooks

| | |
|---|---|
| **ATTORNEY'S NAME:** | Byars, Caitlin R 33754 |
| **AND ADDRESS:** | 1215 Valmont St , New Orleans, LA 70115 |

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

**NO: 2023-09497**        **DIVISION: M**        **SECTION: 13**

## BULLARD BEAUTY PLUS, LLC

### Versus

## INDEPENDENT SPECIALTY INSURANCE COMPANY ET AL

### CITATION

| | |
|---|---|
| TO: | INDEPENDENT SPECIALTY INSURANCE COMPANY |
| THROUGH: | ITS AGENT FOR SERVICE: DEIDRE ARCENEAUX |
| | 8585 ARCHIVES AVENUE, BATON ROUGE, LA 70809 |

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

**PETITION FOR DAMAGES**

a certified copy of which accompanies this citation, or file an answer or other legal pleading within the delay provided by Civil Code of Procedure Article 1001. The mentioned article is noted on the back of this page for your reference. You may make your filing in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA 70112.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may contact the New Orleans Lawyer Referral Service at https://neworleansbar.community.lawyer/. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

**IN WITNESS HEREOF,** I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA September 8, 2023

| | |
|---|---|
| **Clerk's Office, Room 402** | **CHELSEY RICHARD NAPOLEON,** Clerk of |
| Civil Courts Building | The Civil District Court |
| 421 Loyola Avenue | for the Parish of Orleans |
| New Orleans, LA 70112 | State of LA |
| | by _____ |
| | Valerie  West, Deputy Clerk |

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ _____ served a copy of the within | On this _____ day of _____ _____ served a copy of the within |
| **PETITION FOR DAMAGES** | **PETITION FOR DAMAGES** |
| ON  **INDEPENDENT SPECIALTY INSURANCE COMPANY** | ON  **INDEPENDENT SPECIALTY INSURANCE COMPANY** |
| THROUGH:  **ITS AGENT FOR SERVICE: DEIDRE ARCENEAUX** | THROUGH:  **ITS AGENT FOR SERVICE: DEIDRE ARCENEAUX** |
| Returned the same day  _____ No. _____ | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said **INDEPENDENT SPECIALTY INSURANCE COMPANY** being absent from the domicile at time of said service. |
| Deputy Sheriff of _____ | Returned the same day |
| Mileage: $ _____ | _____ No. _____ |
| _____/ ENTERED /_____ | Deputy Sheriff of _____ |
| PAPER              RETURN | |
| _____/_____/_____ | |
| SERIAL NO.        DEPUTY          PARISH | |

ID: 11219435                                Page 1 of 2

Civil Code of Procedures
Article 1001

Art. 1001. Delay for answering

    A. A defendant shall file his answer within twenty-one days after service of citation upon him, except as otherwise provided by law. If the plaintiff files and serves a discovery request with his petition, the defendant shall file his answer to the petition within thirty days after service of citation and service of discovery request.

    B. When an exception is filed prior to answer and is overruled or referred to the merits, or is sustained and an amendment of the petition ordered, the answer shall be filed within fifteen days after the exception is overruled or referred to the merits, or fifteen days after service of the amended petition.

    C. The court may grant additional time for answering.

Acts 2021, No. 174, §1, eff. Jan. 1, 2022.

ATTORNEY'S NAME: Byars, Caitlin R 33754
AND ADDRESS: 1215 Valmont St, New Orleans, LA 70115

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

NO: 2023-09497     DIVISION: M     SECTION: 13

### BULLARD BEAUTY PLUS, LLC

Versus

### INDEPENDENT SPECIALTY INSURANCE COMPANY ET AL

### CITATION

TO: INDEPENDENT SPECIALTY INSURANCE COMPANY
THROUGH: ITS AGENT FOR SERVICE OF PROCESS: LOUISIANA SECRETARY OF STATE
8585 ARCHIVES AVENUE, BATON ROUGE, LA 70809

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the
PETITION FOR DAMAGES
a certified copy of which accompanies this citation, or file an answer or other legal pleading within the delay provided by Civil Code of Procedure Article 1001. The mentioned article is noted on the back of this page for your reference. You may make your filing in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA 70112.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may contact the New Orleans Lawyer Referral Service at https://neworleansbar.community.lawyer/. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA August 31, 2023

Clerk's Office, Room 402     CHELSEY RICHARD NAPOLEON, Clerk of
Civil Courts Building     The Civil District Court
421 Loyola Avenue     for the Parish of Orleans
New Orleans, LA 70112     State of LA
    by _Valerie West_
    Valerie West, Deputy Clerk

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this ____ day of _____ served a copy of the within **PETITION FOR DAMAGES** ON INDEPENDENT SPECIALTY INSURANCE COMPANY THROUGH: ITS AGENT FOR SERVICE OF PROCESS: LOUISIANA SECRETARY OF STATE Returned the same day No. _____ Deputy Sheriff of _____ Mileage: $ _____ / ENTERED / PAPER   RETURN SERIAL NO.   DEPUTY   PARISH | On this ____ day of _____ served a copy of the within **PETITION FOR DAMAGES** ON INDEPENDENT SPECIALTY INSURANCE COMPANY THROUGH: ITS AGENT FOR SERVICE OF PROCESS: LOUISIANA SECRETARY OF STATE by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said INDEPENDENT SPECIALTY INSURANCE COMPANY being absent from the domicile at time of said service. Returned the same day No. _____ Deputy Sheriff of _____ |

ID: 11219435     Page 1 of 2

2023-09497 Case 2:23-cv-05323-SM-KWR Document 1-5 Filed 09/15/23 Page 7 of 14



M Section 13

EXHIBIT "A"

FILED
2023 AUG 25 P 02:09
CIVIL
DISTRICT COURT

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. DIVISION " "

BULLARD BEAUTY PLUS, LLC

VERSUS

INDEPENDENT SPECIALTY INSURANCE COMPANY, ET AL.

FILED:_____   _____
                                             DEPUTY CLERK

### PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Plaintiff, BULLARD BEAUTY PLUS, LLC d/b/a BELLA BEAUTY ("Bullard Beauty"), a limited liability company authorized to do and doing business in the Parish of Orleans, State of Louisiana, who respectfully asserts as follows:

1.

Made Defendants herein are:

a. INDEPENDENT SPECIALTY INSURANCE COMPANY (hereinafter "ISIC"), a foreign insurer authorized to do business, and doing business, in the State of Louisiana;

b. CERTAIN UNDERWRITERS AT LLOYD'S AND OTHER INSURERS SUBSCRIBING TO BINDING AUTHORITY B604510568622021 (hereinafter "Lloyds"), a foreign insurer authorized to do business, and doing business, in the State of Louisiana.

2.

Jurisdiction and venue are proper in this Court based on the object and amount in dispute, Defendants' transacting the business of insurance in the State of Louisiana, and the actions complained of herein occurred in and relate to real property located in the Parish of Orleans, State of Louisiana.

3.

Plaintiff and Defendants entered into a contract of insurance, whereby Plaintiff agreed to make cash payments, or premiums, in exchange for Defendants promise to compensate the

1

2023-09497 Case 2:23-cv-05323-SM-KWR Document 1-5 Filed 09/15/23 Page 8 of 14

**M**
Section 13

FILED
2023 AUG 25 P 02:09
CIVIL
DISTRICT COURT

Plaintiff for losses, including, but not limited to, business personal property losses at 6003 Bullard Avenue, Suite 1, New Orleans, LA 70128 (hereinafter referred to as the "Insured Premises").

4.

The Insured Premises is covered under policy number 2019-802550-03 (changed from VVX-CU-703560 issued by Defendants (hereinafter referred to as the "Policy").

5.

The Policy sued upon provided coverage to the Plaintiff between the period of May 30, 2021 and May 30, 2022.

6.

Plaintiff has faithfully paid the policy premiums to Defendants to specifically provide coverage in the event of loss.

7.

The Insured Premises operates as a retailer, and is located at 6003 Bullard Avenue, Suite 1, New Orleans, LA 70128.

8.

On or about August 29, 2021, Orleans Parish, State of Louisiana was affected by Hurricane Ida, which caused catastrophic damage, including but not limited to power outages, throughout the region.

9.

As a result of Hurricane Ida the Insured Premises, and the geographical area in its immediate vicinity, lost electrical power for multiple days/weeks.

### Claim #1[1] dated August 31, 2021

10.

Starting on or about August 31, 2021, unknown and/or unidentified persons illegally broke into the Insured Premises, entered the Insured Premises, vandalized the Insured Premises, and illegally stole and/or looted stock/merchandise, furniture, fixtures, equipment, technology, and/or cash, from Insured Premises.

---

[1] Identified as Claim No. SDA 21020540 by Defendants' third-party administrator.

2

2023-09497 Case 2:23-cv-05323-SM-KWR   Document 1-5   Filed 09/15/23   Page 9 of 14

M
Section 13

FILED
2023 AUG 25  P 02:09
CIVIL
DISTRICT COURT

11.

As a result of this loss event, Plaintiff had to incur costs associated with replacement of its locking system/doors, increased security measures, and costs associated with clean-up/ remediation of the premises.

12.

On or about August 31, 2021, officers with the New Orleans Police Department investigated pertaining to the damage to the Insured Premises, which resulting report is listed as Item #H-37731-21, dated August 31, 2021.

13.

On or about September 2, 2021, onsite security was initiated at the Insured Premises. The security company would work 3 shifts, each 8 hours, for 7 days. The onsite security company provided services to the Premises for 6 weeks. The onsite security concluded on or about October 8, 2021.

14.

On or about September 13, 2021, Plaintiff's third-party inventory specialist inspected the Insured Premises to assess loss and the damage sustained as a result of Hurricane Ida.

15.

On or about September 28, 2021, Plaintiff permitted a site/contents inspection of the Insured Premises by a public adjuster and field adjuster.

16.

Despite permitting a first site/contents inspection of the Insured Premises on September 28, 2021, Plaintiff permitted a secondary site/contents inspection of the Insured Premises on October 9, 2021.

17.

On or about October 12, 2021, Defendants' salvage company mobilized to remove damaged goods on the Insured Premises. This occurred for two days, and the salvage company de-mobilized with damaged goods on or about October 14, 2021.

2023-09497

**M**

Section 13

Case 2:23-cv-05323-SM-KWR   Document 1-5   Filed 09/15/23   Page 10 of 14

FILED
2023 AUG 25  P 02:09
CIVIL
DISTRICT COURT

18.

On or about October 18, 2021, Plaintiff's third-party inventory specialist inspected the Insured Premises to conduct an inventory inspection.

19.

On or about October 19, 2021, cleaning of the store began, and stocking and inventory management of the store was conducted thereafter, on or about October 23, 2021. The store reopened on or about October 28, 2021.

20.

Almost immediately following the loss, Plaintiff notified Defendants, by and through their representatives, of its loss, and further, submitted a Proof of Loss with supporting documentation and evidence. Defendants acknowledged receipt of the claim but issued a Proof of Loss Rejection letter on or about January 21, 2022.

21.

To date, and despite having received satisfactory proof of loss, including but not limited to photographs, itemized contents damages, sales tax returns, inventory logs, profit and loss statements, and having conducted multiple site inspections, Defendants have failed to remit payment to Plaintiff for losses associated with Hurricane Ida and the resulting theft loss covered under the policy.

### Claim #2[2] dated December 6, 2021

22.

On or about December 6, 2021, Plaintiff sustained a second loss when unknown and/or unidentified persons struck and damaged the front and rear doors and façade of the Insured Premises with a vehicle and proceeded to enter, vandalize and illegal steal and/or loot the Premise's stock/merchandise, security systems, cash register and/or cash.

---

[2] Identified as Claim No. SDA 21024830 by Defendants' third-party administrator.

4

E-Filed

2023-09497 Case 2:23-cv-05323-SM-KWR Document 1-5 Filed 09/15/23 Page 11 of 14

M
Section 13

FILED
2023 AUG 25 P 02:09
CIVIL
DISTRICT COURT

23.

On or about December 6, 2021, officers with the New Orleans Police Department conducted an investigation pertaining to the damage to the Insured Premises, which resulting report is listed as Incident L-06241-21, dated December 06, 2021.

24.

On or about December 7, 2021, Plaintiff's third-party inventory specialist inspected the Insured Premises to assess loss and the damage sustained as a result of the incident.

25.

On or about December 7, 2021, Plaintiff began cleaning and securing of the Premises, again.

26.

Plaintiff notified Defendants, by and through its representatives, of the loss. Defendants acknowledged receipt of the claim on December 8, 2021.

27.

To date, and despite having received satisfactory proof of loss, including but not limited to photographs, itemized contents damages, sales tax returns, inventory logs, profit and loss statements, Defendants have failed to remit payment to Plaintiff for losses associated with the December 6, 2021 loss covered under the policy.

28.

In addition to providing copious documentation and satisfactory proof of loss for both Claim #1 and Claim #2, Plaintiff also volunteered for an examination under oath, which was conducted by Defendants' representative on July 28, 2022.

29.

At the request of Defendants' representative, Plaintiff submitted additional documentation, and volunteered to present on a second date for a continuation of the examination under oath, which was scheduled and conducted on April 24, 2023.

30.

Despite having received satisfactory proof of loss, including but not limited to, photographs, videos, itemized contents damages, sales tax returns, inventory logs, profit and loss

2023-09497 Case 2:23-cv-05323-SM-KWR Document 1-5 Filed 09/15/23 Page 12 of 14

**M**
Section 13

FILED
2023 AUG 25 P 02:09
CIVIL
DISTRICT COURT

statements, and having conducted multiple site inspections, Defendants have failed to pay any of Plaintiff's claims within the time limits provided by La. R.S. 22:1973 and La. R.S. 22:1892 for its losses covered by the Policy.

31.

Defendants' failure to make an appropriate unconditional tender, despite having received satisfactory proof of loss, is in bad faith, arbitrary, capricious and without probable cause.

32.

Furthermore, the loss of replacement inventory, delays, and bad faith conduct of the Defendants has caused Plaintiff significant damages, including but not limited to lost profits, lost income, loss of value, mental anguish, emotional distress, and associated business losses.

33.

Accordingly, Defendants are liable unto Plaintiff as follows;

a) Misrepresenting pertinent facts relating to coverages at issue, as provided by La. R.S. §§ 22:1973 and 22:1892;

b) Failing to pay the amount of a claim due within an appropriate time after receipt of satisfactory proof of loss, as provided by La. R.S. §§ 22:1973 and 22:1892;

c) Breach of contract; and

d) Any other bad faith or breach of contract that may be proven at a trial.

34.

As a result, Defendant is answerable to the Plaintiff for the following damages:

a) Damages to business personal property;

b) Loss of business income and extra expense;

c) Lost profits;

d) Loss of business value;

e) Loss of consumer goodwill;

f) Loss of business as a whole;

g) Bad faith damages;

h) Reasonable attorney's fees and costs; and

i) All other damages as may be shown at the trial of this matter.

6

2023-09497
Case 2:23-cv-05323-SM-KWR   Document 1-5   Filed 09/15/23   Page 13 of 14



Section 13

FILED
2023 AUG 25  P 02:09
CIVIL
DISTRICT COURT

**WHEREFORE**, Plaintiff, BULLARD BEAUTY PLUS, LLC prays that Defendants, INDEPENDENT SPECIALTY INSURANCE COMPANY, and CERTAIN UNDERWRITERS AT LLOYD'S AND OTHER INSURERS SUBSCRIBING TO BINDING AUTHORITY B604510568622021, be served with process of this Petition for Damages and duly cited to answer same, that after all delays and due proceedings are complete there be judgment in favor of Plaintiff and against Defendants for the full amount of Plaintiff's damages, plus legal interest from the date of judicial demand until paid, bad faith damages, together with attorney's fees, all costs incurred in this matter, and any other general or equitable relief the Court deems proper.

Respectfully submitted,

DAVID P. VICKNAIR, #34135
CAITLIN B. CARRIGAN, #33754
Scott Vicknair, LLC
909 Poydras St., Suite 2025
New Orleans, Louisiana 70112
T: (504) 500-1111
F: (504) 226-2339
david@svlaw.law
caitlin@svlaw.law

*/s/ Jacob K. Weixler*
Jacob K. Weixler, 36076
WEIXLER LAW LLC
1926 Washington Ave.
New Orleans, Louisiana 70113
Telephone:    (504) 408-2180
Facsimile:    (504) 814-1728
jkw@weixlerlaw.com

*Attorneys for Plaintiff, Bullard Beauty Plus, LLC*

**PLEASE SERVE:**

INDEPENDENT SPECIALTY INSURANCE COMPANY
By and through its Agent for Service of Process,
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

(in lieu of service on:
National Registered Agents, Inc.
2 North Jackson Street, Ste. 605
Montgomery, AL 36-17)

2023-09497



M
Section 13

Case 2:23-cv-05323-SM-KWR   Document 1-5   Filed 09/15/23   Page 14 of 14

FILED
2023 AUG 25  P 02:09
CIVIL
DISTRICT COURT

**Please withhold personal service in consideration of pending Long-arm Service:**

Per the Policy, the insurer designated Certain Underwriters at Lloyd's and Other Insurers subscribing to Binding Authority UMR B604510568622021 shall be served, by and through:

McDermott, Will & Emery
340 Madison Avenue
New York, NY 10173-1922

8